IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Edmund Ingram,<br><br>   Petitioner,<br><br>v.<br><br>Deirdre Battaglia,<br><br>   Respondent. | No. 04 C 6600 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss. For the reasons stated below, we grant Respondent's motion.

## BACKGROUND

Petitioner Edmund Ingram ("Ingram") was convicted, following a bench trial in the Circuit Court of Cook County, Illinois, of two counts of first-degree murder, attempted first degree murder, and unlawful use of a weapon by a felon. Ingram was sentenced to life imprisonment, a 30-year concurrent prison term, and a 5-year concurrent prison term. On November 16, 2001, Ingram's conviction was upheld by the Illinois Appellate Court, and he did not file a petition for leave to appeal to the Illinois Supreme Court. On July 19, 2002, Ingram filed a petition seeking post-

conviction relief in the Illinois state courts. On September 4, 2002, the state circuit court denied Ingram's petition for post-conviction relief. The Illinois Appellate Court subsequently affirmed the circuit court's denial of relief, and the Illinois Supreme Court denied Ingram's petition for leave to appeal on October 7, 2003.

Ingram filed a petition seeking a writ of *habeas corpus* in this court on October 13, 2004. On October 28, 2004, we dismissed the petition without prejudice for failure to exhaust state remedies. On December 13, 2004, Ingram filed the instant action seeking a writ of *habeas corpus* in this court, in which Ingram acknowledged that there were no related actions pending in state court. Respondent has filed a motion to dismiss, claiming that Ingram's petition for a writ of *habeas corpus* is time barred.

## LEGAL STANDARD

Under 28 U.S.C. § 2244(d) ("Section 2244(d)"), all *habeas corpus* petitions filed in the federal courts must be filed within a one-year statue of limitations, which is measured from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Given that Ingram has not shown any impediments to the filing of his *habeas* petition in this court, that his relief relies on a newly-recognized constitutional right, or that there is a newly-discovered factual predicate upon which relief should be granted, only 28 U.S.C. § 2244(d)(1)(A), which starts the clock on the date of a final decision, is applicable here. However, the one-year limit on filing *habeas* petitions is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.*

## DISCUSSION

In the instant action, Ingram's conviction was affirmed by the Illinois Appellate Court on November 16, 2001, and Ingram admits that he did not file a petition for leave to appeal with the Illinois Supreme Court during the state's 21-day grace period. (Resp. 1). Therefore, the finality of Ingram's conviction was not delayed for the 90-day period for filing a petition for writ of certiorari in the United State Supreme Court, and Ingram's conviction became final on December 7, 2001. *See Gutierrez v. Schomig*, 233 F.3d 490, 491 (7th Cir. 2000)(holding that the statute of limitations under Section 2244(d) is not tolled during the 90-day period to file a petition for writ of certiorari if the petitioner does not actually file such a petition). This means that, in regard to Ingram's petition, the clock started running for the purposes of Section 2244(d) on December 7, 2001, and continued running until

Ingram filed for state post-conviction relief on July 19, 2002, for a total of 224 days.

The statute of limitations began to run again in this case on October 7, 2003, when the Illinois Supreme Court denied Ingram's petition for leave to appeal the denial of post-conviction relief. The statute of limitations did not stop running until December 13, 2004, when Ingram filed a proper petition for writ of *habeas corpus* in this court. Given that Section 2244(d) states that only "a *properly* filed application for State post-conviction or other collateral review" can toll the statute of limitations, Ingram's October 2004 petition in this court, which was dismissed for failing to exhaust state remedies, did not stop the clock. 28 U.S.C. § 2244(d)(2) (emphasis added). Therefore, an additional 433 days has run under the statute of limitations, for a total of 657 days. This is well outside of the one-year statute of limitations.

On a final note, Ingram argues that the "ends of justice" require this court to deny the motion to dismiss, despite the fact that the statute of limitations has passed. Ingram, however, has not alleged any circumstances out of his control that would merit applying the doctrines of equitable tolling or equitable estoppel. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004)(stating that "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition"); *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004)(defining equitable estoppel as "conduct by the defendant that prevents the plaintiff from suing within the statutory period"). Ingram has also failed to make

any showing of actual innocence that could lead this court to waive the statute of limitations. *See Gildon*, 384 F.3d at 887 (holding that for a court to allow a claim of actual innocence to overcome a statute of limitations under Section 2244(d), "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"). For these reasons, Respondent's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, we grant Respondent's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 12, 2005